IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL ANNE COLANGELO and**<br>**DONALD COLANGELO** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | **NO. 25-41** |
| | : | |
| **SGT. JUSTIN ALBERT** | : | |

| | | |
|---|---|---|
| **CAROL ANNE COLANGELO and**<br>**DONALD COLANGELO** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | **NO. 25-45** |
| | : | |
| **PA STATE POLICE AVONDALE** | : | |

| | | |
|---|---|---|
| **CAROL ANNE COLANGELO and**<br>**DONALD COLANGELO** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | **NO. 25-48** |
| | : | |
| **CPL. KATHERINE FRANCK** | : | |

| | | |
|---|---|---|
| **CAROL ANNE COLANGELO and**<br>**DONALD COLANGELO** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | **NO. 25-50** |
| | : | |
| **TROOPER IAN HUTCHINSON** | : | |

## MEMORANDUM OPINION

### I.    Introduction

Before this Court are four Complaints filed in state Court by Plaintiffs Carol Anne Colangelo ("Carol") and her husband Donald Joseph Colangelo ("Donald", and, with Carol, "Plaintiffs") against various police officers and the Pennsylvania State Police (collectively, or in

any grouping, "Defendants"). Defendants removed these actions to Federal Court, and subsequently filed motions to dismiss. Because the Complaints are nearly identical and the bases for dismissal are as well, this Court will address all four Complaints in one omnibus opinion. Upon review of the pleadings, the Complaints each fail to state a claim for which relief can be granted, each motion to dismiss is granted.

## II.    Factual Background[1]

The following facts are present in all four of the above Complaints. Plaintiffs allege[2] that they received mail from the Pennsylvania Department of Transportation ("PennDOT"), noting that its records reflected that their vehicles were no longer insured. Consequently, the letter stated, those vehicle registrations were going to be cancelled. Plaintiffs allege this letter was mistaken, as they had switched insurance carrier, and did not fail to maintain proper insurance. Plaintiffs allege they sent PennDOT a letter informing it of their new vehicle insurance.

Plaintiffs allege that on August 31, 2024, Janiyiah Hope Colangelo ("Janiyiah"), Plaintiffs' daughter, was stopped by the Corporal Katherine Franck of the Pennsylvania State Police. Plaintiffs allege that this vehicle stop was based upon the canceled vehicle registration. Plaintiffs concede that Janiyiah handed Cpl. Franck an expired insurance card, which would have

---

[1]    The factual allegations of this case are, at times, difficult to discern from the Complaint, which does not generally conform with the pleading rules of either the Pennsylvania or Federal Rules of Civil Procedure. Although it is not this Court's responsibility to sift through the filings to form a coherent set of factual allegations, this Court has done so, given the *pro se* status of Plaintiffs. This Court considers factual assertions made in the letters which were attached as exhibits to the Complaints to be well-plead allegations of the Complaints.

[2]    For the benefit of the *pro se* Plaintiffs, this Court wishes to explain what the word "allege" means when used while analyzing a motion to dismiss. "Allege" when given its legal meaning, does not express any skepticism about the truth of the statement, as it often does in casual conversation. All the word "allege" means here is that Plaintiffs have asserted something as a fact in their Complaint. If a Complaint stated that the sky is blue, this Court would still say that Plaintiffs "allege" that the sky is blue. "Allege" just means that someone has claimed something is true, and passes no judgment on whether it is true or not.

corroborated the information Cpl. Franck obtained from running the vehicle's licenses plates (that the registration had expired due to expired insurance). Plaintiffs allege that either Carol or Donald then spoke with Cpl. Franck by speakerphone and that Plaintiffs offered to send proof of the active insurance card. Cpl. Franck allegedly suggested that Plaintiffs update the registration online. Plaintiffs concede that they did not wish to do so because they believed the onus was on the Commonwealth to update the registration. That vehicle stop resulted in a traffic citation, attached by Plaintiffs to their Complaint, for "Operation Following Suspension of Registration" to Janiyiah, with the notation "Provided Expired Insurance Card."

After that interaction, Plaintiffs allege that either Carol or Donald called the State Police Internal Affairs and reached Sgt. Justin Albert. Plaintiffs allege that Sgt. Albert said there was nothing he could do about the issue until after it went to court. Plaintiffs then summarily allege harassment by letter from the Commonwealth, and that Cpl. Franck and Sgt. Albert "failed to prevent the situation from continuing. . . ." On November 6, 2024, while awaiting a court date on the aforementioned traffic citation, Janiyiah was again stopped, this time by Kennett Township Police Officer Ford (not a party to any of these cases), who upon receiving proof of the active insurance policy, issued a warning which stated no further action was required of Janiyiah.

In only the *Colangelo, et al. v. Hutchinson* (2:25-cv-00050-GAW) Complaint, Plaintiffs make separate allegations regarding a third traffic stop. In just the *Hutchinson* case, Plaintiffs allege that on November 30, 2024, Trooper Ian Hutchinson stopped one of the family vehicles while Donald was driving the vehicle and Carol was a passenger within it. The *Hutchinson* Complaint alleges that Trooper Hutchinson said he was aware of the problems caused by switching vehicle insurance but issued a traffic citation for driving on a suspended registration. The Complaint alleges that Carol "felt very threaten" [sic] when Trooper Hutchinson ordered

Donald out of his car during the traffic stop. Carol also alleges that she thought Trooper Hutchinson was "going to beat [Donald] up." Carol alleges that when she stepped out of the vehicle, Trooper Hutchinson ordered her to return to the vehicle.

## III.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits this Court to dismiss counts of a complaint if they fail to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted). The Court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). But the Court cannot draw any *unreasonable* or unsupported inferences. *See, e.g.*: Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc., 450 F.3d 130, 133 (3d Cir. 2006) ("[W]e need not credit the non-movant's conclusions of law or unreasonable factual inferences."); *Little v. Chambersburg Hosp.*, No. 1:11-CV-01804, 2012 WL 1048820, at *4 (M.D. Pa. Mar. 28, 2012) ("The deferential standard of review applicable to a motion to dismiss does not go so far as to require this Court to accept unsupported inferences drawn by the Plaintiff.").

A formulaic recitation of the elements of a claim will not suffice. *Id.* Rather, a pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks and citation omitted). Conclusory statements and unfounded speculation are insufficient to state a claim. *Parker v. Pennstar Bank, NBT*, 436 F. App'x 124,

127 (3d Cir. 2011). While this Court holds a *pro se* complaint to a less stringent standard, a case must be dismissed if it fails to state a claim upon which relief can be granted. *See, e.g.*: *Johnson v. Hill*, 910 F. Supp. 218, 221 (E.D. Pa. 1996) (dismissing pro se complaint despite deference).

## IV.    Analysis

### a.  § 1983 Claim in Colangelo, et al. v. Hutchinson (No. 25-50)

This Court first begins with the §1983 claim in the *Hutchinson* case, which comes closest to stating a claim upon which relief can be granted. Unlike each of the other cases (explained *infra*), the *Hutchinson* Complaint alleges that Plaintiffs- not their daughter- were stopped by Trooper Hutchinson.

As Trooper Hutchinson rightly points out, the *Hutchinson* Complaint does not actually allege what substantive right Plaintiffs seek to vindicate under §1983. But, reading the attachments to the *Hutchinson* Complaint generously, this Court assumes that Plaintiffs seek to claim that Trooper Hutchinson committed a § 1983 violation of their 4th Amendment right to be free of unreasonable search and seizure. This claim must be dismissed.

From the face of the Complaint, it is clear that PennDOT's records reported to Officer Hutchinson that Plaintiffs' vehicles were no longer properly registered. Whether or not that information was ultimately accurate or was inaccurate due to alleged recordkeeping failings at PennDOT, that information still formed probable cause which justified the temporary seizure of Plaintiffs and their vehicle by Trooper Hutchinson.[3] *United States v. Delfin-Colina*, 464 F.3d 392, 398 (3d Cir. 2006) ("[A]n officer need not be factually accurate in her belief that a traffic law had been violated but, instead, need only produce facts establishing that she reasonably

---

[3]    It is far from clear that there was even a mistake by any officers here. The onus may well be on Plaintiffs to take whatever steps are necessary to ensure their vehicles are properly registered before taking them on the road, even if they are blameless for the cancellation of the registration in the first instance. But because this Court is not Traffic Court, it need not resolve that question to resolve these motions.

believed that a violation had taken place."). "A reasonable mistake of fact does not violate the Fourth Amendment." *Id.* (internal citation and quotation marks omitted). There are no facts in the Complaint from which the Court can reasonably infer that the duration of the stop went beyond what was necessary to effectuate the purpose of the stop. Nor are Carol's subjective fears or Trooper Hutchinson's allegedly loud commands enough to create a claim of misconduct in the course of the traffic stop. Because there are no allegations which would form an unreasonable search or seizure that would violate the 4th Amendment, Plaintiffs have not alleged a § 1983 claim upon which relief can be granted as to Trooper Hutchinson.

   b.  **§ 1983 Claim in Colangelo, et al. v. Sgt. Justin Albert (No. 25-41); Colangelo et al. v. PA State Police Avondale (No. 25-45); Colangelo et al. v. Cpl. Katherine Franck (No. 24-58).**

The Complaints against Sgt. Albert, Cpl. Franck, and PA State Police Avondale each assert a § 1983 claim against their defendants, which this Court again gleans is also likely rooted in an argument that there was a seizure which violated the 4th Amendment. Unlike the *Hutchinson* Complaint, these three Complaints make no reference to the third traffic stop where Donald and Carol where in the vehicle. Rather, the only traffic stops alluded to in these Complaints are the two aforementioned stops of Janiyiah, Carol and Donald's daughter, who is not a party to these claims. These claims are easily dismissed.

In the first instance, for the same reasons explained *supra* regarding Trooper Hutchinson's traffic stop, there are no facts in the Complaints which could lead this Court to find the traffic stops in question were a violation of *anyone's* civil rights. But were there a colorable civil rights claim which could find its basis in those stops, it could only conceivably belong to Janiyiah, not Plaintiffs. The fact that *Janiyiah* was stopped- not Plaintiffs- is fatal to the § 1983 claims in the case against Sgt. Albert, Cpl. Franck, and the PA State Police Avondale. As a

general rule, one cannot challenge the Constitutional validity of a stop of another. *United States v. Marrocco*, 578 F.3d 627, 632 (7th Cir. 2009) ("Mr. Marrocco does not have standing to claim that the officers impermissibly detained Mr. Fallon.")

### c.  The Remaining Claims in All Cases.

Because the Complaint fails to comport with the standards generally required under the Pennsylvania or Federal Rules of Civil Procedure, this Court expended great effort to identify the remaining claims of the Complaints. Having construed the Complaints liberally, this Court has identified at least five additional causes of action. Upon analysis of these claims, this Court determines that the remaining counts of each Complaint fails to state a claim upon which relief can be granted.

### i.  18 U.S.C. §§ 241 and 242

Plaintiffs' claims under 18 U.S.C. §§ 241 and 242 fail because, as Defendants each point out, there is no private cause of action available under these statutes. *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) ("[W]e agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil cause of action."). Put more simply, these statutes create *criminal* offenses which federal prosecutors can choose to pursue or not pursue in criminal court. The statutes do not create a basis by which private citizens can sue each other or the government. For that reason, these civil causes of action which Plaintiffs attempt to bring under a criminal statute must be dismissed.

### ii.  42 CFR 488.301 "Mental Anguish"

Plaintiffs purport to bring a claim for mental anguish pursuant to 42 CFR 488.30. That citation leads to a definitional section of the Code of Federal Regulations. More specifically, it is a series of definitions applicable to certain regulations regarding the Centers for Medicare &

7

Medicaid Services. These definitions are clearly irrelevant. Furthermore, they do not create any cause of action. Any claim purportedly brought under this definitional section must be dismissed.

### iii.  42 U.S.C. § 1986

In order to prevail on a claim under § 1986,  a plaintiff must allege that "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). In order to have a § 1985(3) violation[4], a plaintiff must allege:  (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

There are no facts alleged in the Complaints which would permit this Court to infer, even with additional *pro se* deference, that any of the Defendants have stated a claim for neglecting to prevent a § 1985 conspiracy. Plaintiffs have not alleged any facts whatsoever related to racial or class-based discriminatory animus. Further, there are no allegations of any conversations or agreements or common purposes among alleged conspirators. And, as this Court explained *supra*, there was no deprivation of rights associated with the three traffic stops referenced in the Complaints. For that reason, the § 1986 claim must fail.

---

[4]     The other types of conspiracies prohibited by 42 U.S.C § 1985  (preventing an officer from performing duties, obstructing justice, and intimidating a party, witness, or juror) are even less applicable here.

### iv. Breach of Fiduciary Duties

Plaintiffs allege that Sgt. Albert and Trooper Hutchinson breached a fiduciary duty in the course of their official duties; fielding and responding to complaints for internal affairs (for Sgt. Albert), and conducting the third traffic stop (for Trooper Hutchinson). There are no facts in either Complaint which could possibly lead to a finding that either officer owed a fiduciary duty to Plaintiffs as individual citizens to perform his their responsibilities in a particular way. For that reason, the claims are meritless. And even if there were some theorical merit to the claim, Defendants enjoy sovereign immunity with respect to actions and inactions taken within the scope of their duties. 1 Pa.C.S. § 2310. None of the enumerated exceptions apply. 42 Pa.C.S. § 8522(a), (b)(1)-(10). For this reason, too, this claim must be dismissed. Finally, even if this claim were viable, because the federal claims (addressed *supra*) have each been dismissed, there would no longer be a federal question justifying subject matter jurisdiction, and this Court would decline to continue to exercise supplemental jurisdiction over it.

### v. Miscellanea

Finally, Plaintiffs bare list of causes of action includes things like "not listening to the citizens [sic] right," and "not obeying her oath of office." There are no associated statutes or causes of action cited. For the avoidance of doubt, this Court will directly state that these are not recognized private causes of action under Pennsylvania or federal law and therefore any causes of action purporting to be brought under these theories are dismissed.

### d. Prejudice

This Court's final determination is whether these cases should be dismissed with or without prejudice. A complaint can be dismissed with prejudice when amendment would be "futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is

futile where, even after amendment, the complaint would still fail to state a claim upon which relief can be granted. *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000).

As this Court has held above, there are no private claims available under 18 U.S.C. §§ 241 and 242 or 42 CFR 488.301. For that reason, all claims based on those are dismissed **with prejudice.** Because Pennsylvania's sovereign immunity applies, no amendment could save the fiduciary duty claims against Sgt. Albert and Trooper Hutchinson, those claims are also dismissed **with prejudice.** Because this Court has found that the traffic stops were lawful and because there are no allegations whatsoever regarding discrimination based on membership in a protected class, Plaintiffs' § 1986 claims must be dismissed **with prejudice.** Plaintiffs' § 1983 claims against Sgt. Albert, Cpl. Franck, and PA State Police Avondale must be dismissed **with prejudice** because they themselves were not seized and the traffic stops and steps taken afterward were clearly lawful.[5] Plaintiffs' § 1983 claims against Trooper Hutchinson is dismissed **with prejudice** as to the lawfulness of the initial stop and the traffic citation received. This Court, giving additional deference to *pro se* Plaintiffs, will dismiss the § 1983 count **without prejudice** as to Trooper Hutchinson's conduct during the course of the stop. An appropriate order will be docketed separately.

Dated: March 5, 2025                    BY THE COURT:

GAIL A. WEILHEIMER        J.

---

[5]    While this order does not bind Janiyiah as she is not presently before it, Plaintiffs are advised that *pro se* representation only permits non-lawyers to represent *themselves*, and would therefore prohibit Plaintiffs from pursuing a further action on behalf of Janiyiah. *See generally*: https://perma.cc/96JT-8A8N (EDPA Pro Se Instructions); *Yoder v. Dist. Att'y Montgomery Cnty.*, 790 F. App'x 478, 481 (3d Cir. 2019) ("[A]n individual proceeding pro se may not represent third parties in federal court. . . .").